PRELLWITZ, Respondent, vs. MILWAUKEE ELECTRIC RAIL-
WAY & LIGHT COMPANY, Appellant.

*March 16—April 11, 1916.*

*Street railways: Injury to passenger alighting from car: Negligence
of conductor and motorman: Special verdict: Inconsistency: Ex-
cessive damages.*

1. In an action for injuries sustained in alighting from a street car,
   findings by the jury that the conductor and the motorman were
   each guilty of a want of ordinary care in starting the car are not
   inconsistent, there being evidence that the motorman was negli-
   gent in suddenly starting the car and that the conductor was neg-
   ligent in giving the signal to start before plaintiff had alighted.
2. An award of $3,200 for serious injuries to a school teacher, caused
   by the sudden starting of a street car from which she was alight-
   ing, is *held* not so excessive as to show that the jury was actu-
   ated by passion or prejudice.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Af-
firmed.*

Action to recover for personal injuries. There was a ver-
dict and judgment for plaintiff and defendant appealed.
The jury returned the following verdict:

"(1) Was the defendant's car suddenly started from a
state of rest while the plaintiff was in the act of alighting
therefrom? *A.* Yes.

"(2) If you answer the first question 'Yes,' did the de-
fendant, in so starting such car, fail to exercise ordinary
care? *A.* Yes.

"(3) If you answer the first question 'Yes,' was the de-
fendant's conductor guilty of a want of ordinary care in
starting said car? *A.* Yes.

"(4) If you answer the first question 'Yes,' was the de-
fendant's motorman guilty of a want of ordinary care in start-
ing said car? *A.* Yes.

"(5) If you answer the second question 'Yes,' was such
failure to exercise ordinary care the proximate cause of
plaintiff's injuries? *A.* Yes.

"(6) Did any want of ordinary care on the part of the plaintiff proximately contribute to plaintiff's injuries? A. No.

"(7) At what sum do you assess the plaintiff's damages? A. $3,200."

The contention of appellant on this appeal is that the appeal is taken because the trial court denied defendant's motion for new trial made upon the ground, among other things, that the damages assessed by the jury are grossly excessive, that the verdict is the result of passion and prejudice, is perverse, and because the answers to questions 3 and 4 of the special verdict are inconsistent.

For the appellant there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *Carl Muskat.*

For the respondent there was a brief by *Houghton, Neelen & Houghton,* and oral argument by *F. W. Houghton.*

KERWIN, J.    There is evidence tending to show that plaintiff, a school teacher, forty years of age, lived at Beaver Dam, and during the summer of 1914 was taking a post-graduate course in Milwaukee normal school; that on July 14, 1914, she took a street car going home from the Normal and just before reaching Martin street rang the bell for the car to stop; that she had three or four books in her right hand; that she started toward the rear of the car, the conductor opened the door, and she took hold of the handle with her left hand and was in the act of alighting from the car when the conductor signaled for the car to go ahead and the car started; that the car started suddenly with a jerk as plaintiff was attempting to alight therefrom and she was thrown and came down with great force on her left side, her head striking the ground.    The injury occurred July 14, 1914, and the trial was had September 16, 1915.    There is an abundance of evidence that plaintiff was seriously injured and that she was still suffering from the injury at the time of the trial; that

she was suffering from traumatic neurasthenia, an injury to the nervous system.

1. The contention that questions 3 and 4 of the special verdict are inconsistent is not tenable. There is ample evidence to sustain the finding that the motorman was negligent in suddenly starting the car and that the conductor was negligent in giving the signal to the motorman to start the car before the plaintiff had alighted therefrom.

2. It is claimed that the damages awarded by the jury are excessive and the result of passion and prejudice on the part of the jury. It is true the damages are quite high, but it is also true that upon the evidence produced on the trial the injuries which the plaintiff sustained were quite serious, and we find nothing in the record which would warrant us in saying that the jury was actuated by passion or prejudice. The learned trial court below refused to disturb the verdict on the question of damages and we are not able to say that the court was clearly wrong.

*By the Court.*—Judgment is affirmed.